**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JESSICA MARTINEZ,

       Plaintiff,

vs.

MIDLAND FUNDING, LLC, and
MIDLAND CREDIT MANAGEMENT, INC.,

       Defendants.

## COMPLAINT

1.      Defendant Midland Funding, LLC ("MFLLC"), represented by Midland Credit Management, Inc. ("MCM"), obtained a judgment in state court against one person named Jessica Martinez. Defendants then enforced the judgment against an entirely different Jessica Martinez, Plaintiff herein, using fraud and chicanery to do so without notifying Plaintiff of the impending seizure of her assets. Plaintiff brings this action to secure damages against Defendants for their misconduct.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), wrongful garnishment, violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and fraud.

## VENUE AND JURISDICTION

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

4.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendants' collection conduct occurred and impacted Plaintiff within this District;

      b.      Defendants do or transact business within this District.

## PARTIES

5.      Plaintiff Jessica Martinez, is an individual who, at all times between 2018 and the present, has resided at 1921 S. 51st Avenue, Cicero, Illinois.

6.      Defendant MFLLC is a Delaware limited liability company with a principal address of 350 Camino De La Reina, #300, San Diego, CA 92108. It does business within Illinois. Its registered agent and office is Midland Credit Management, Inc., 1821 Walden Office Square, Suite 400, Schaumburg, IL 60173-4273.

7.      MFLLC is engaged in the principal business of a debt buyer and collector. It purchases bad debts for pennies on the dollar and collects them by filing lawsuits and having the consumers dunned. The mails, telephone and Internet are used to collect its debts.

8.      MFLLC is a debt collector as defined in the FDCPA.

9.      Defendant MCM  is a corporation organized under Kansas law. Its principal office is  350 Camino De La Reina, #300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261. It also has an office at 1821 Walden Office Square, Suite 400, Schaumburg, IL 60173-4273.

10.     MCM  is engaged in the principal business of a debt buyer and collector. It uses  the mails and telephone to collect consumer debts.

11.     MCM is a debt collector as defined in the FDCPA.

12.     MFLLC and MCM are related. Both are subsidiaries of Encore Capital Group.

## FACTS

13.     On September 6, 2018, MFLLC filed a collection action, case number 2018-M1-130178,  in the Circuit Court of Cook County, Illinois, against a Jessica Martinez, identified in the summons as residing at 3122 West 54th Street, Chicago, IL 60632. A copy of the summons is in Attachment A. A copy of the complaint is in Attachment B.

2

14. The action sought to collect a Credit One credit card, a high-interest card which is normally used for personal, family or household purposes and not for business purposes. All Credit One credit card agreements require that they be used only for personal, family or household purposes and not for business purposes.

15. Although MFLLC was the plaintiff in 2018-M1-130178, MCM was materially involved in the bringing of the action.

16. The attorneys whose names appeared on the summons and complaint were Kevin W. Mortell and Toni Schroeckenstein, also known as Toni Miller. Both are or were employees of MCM. They use email addresses with "@mcmcg.com", referring to MCM. They operate from MCM's office at 1821 Walden Office Square, Suite 400, Schaumburg, IL 60173-4273.

17. Attached to the complaint was an affidavit (Attachment C) executed by an employee of MCM and attesting to the validity of the debt.

18. MCM hired a special process server to serve the summons and complaint. According to the affidavit of service (Attachment D), on April 6, 2019, the special process server personally served Jessica Martinez at 3122 West 54th Street, Chicago, IL 60632.

19. The affidavit of service refers to an MCM file number and identifies the "client" as MCM.

20. Based on such service, a judgment was entered on Feb. 10, 2020. (Attachment E)

21. Plaintiff does not dispute herein that MFLLC has a valid judgment against the Jessica Martinez who, on April 6, 2019, resided at 3122 West 54th Street, Chicago, IL 60632.

22. Plaintiff is not the Jessica Martinez who, on April 6, 2019, resided at 3122 West 54th Street, Chicago, IL 60632, and is not responsible for the debts of such person.

23. More than six years after entry of the judgment, on March 16, 2026, MFLLC and MCM had a citation to discover assets issued to "Bank of America Capital Corporation." (Attachment F) The citation gave the judgment debtor's address as 4702 West 12th Place, Cicero, IL 60804. This address appears on credit card statements attached to the state court complaint.

Plaintiff does not know why MFLLC and MCM thought the judgment debtor had returned to that address from the address at which she was served.

24.     The attorneys who issued the citation, Kevin W. Mortell and David Picardat, were employees of MCM.  (Attachment G)

25.     Presumably the required copy of the citation  was sent to 4702 West 12th Place, Cicero, IL 60804.  The certificate of service (Attachment H) does not state any other address to which the copy of the citation was sent.

26.     A copy of the citation was not sent to Plaintiff at her address of 1921 S. 51st Avenue, Cicero, Illinois.

27.     Under 735 ILCS 5/2-1402(b), "Whenever a citation is served upon a person or party other than the judgment debtor, the officer or person serving the citation shall send to the judgment debtor, within three business days of the service upon the cited party, a copy of the citation and the citation notice, which may be sent by regular first-class mail to the judgment debtor's last known address."

28.     Under 735 ILCS 5/2-1402(d), "No order or judgment shall be entered under subsection (c) in favor of the judgment creditor unless there appears of record a certification of mailing showing that a copy of the citation and a copy of the citation notice was mailed to the judgment debtor as required by subsection (b)."

29.     The citation notice contains notice of exemption rights.  Notice of exemption rights is  required by due process.  *Kirby v. Sprouls,* 722 F. Supp. 516, 522 (C.D.Ill. 1989).

30.     Compliance with the notice provisions of 735 ILCS 5/2-1402 is thus required to satisfy due process.

31.     An answer to the citation was filed by Bank of America, N.A.  The answer (Attachment I) stated that the last four digits of the judgment debtor's social security number were those of Plaintiff, and that Plaintiff's husband Carlos Rios was a joint account holder.

32.     Identifying information about the judgment debtor is normally provided by the party

issuing the citation.

33.      Based on the citation and answer, the Circuit Court entered a turnover order on May 22, 2026. (Attachment J)

34.      The attorneys whose names appear as having prepared the turnover order were employees of MCM.

35.      As a result of the order, Plaintiff's funds were withheld.

36.      Plaintiff's funds were seized even though Plaintiff is not the judgment debtor and notice of the citation was not served on Plaintiff as required by due process.

37.      Plaintiff learned of the order and the state court action through the unavailability of her funds.

38.      Plaintiff called MCM to complain about the seizure of her funds and explain that she was not the person against whom MFLLC had a judgment.

39.      Plaintiff was told that the only way her funds would be released is if she entered into a payment plan.

40.      Plaintiff was forced to retain and pay counsel, who on June 22, 2026 filed a motion for an order (1) declaring that Plaintiff is not the judgment debtor Jessica Martinez, (2) prohibiting MFLLC from attempting to enforce its judgment against Plaintiff, (3) vacating the turnover order entered on May 22, 2026, and (4) ordering return of Plaintiff's funds. (Attachment K, with exhibits omitted)

41.      The requested order was entered on July 7, 2026 (Attachment L).

42.      Service of process on one Jessica Martinez at 3122 West 54th Street, Chicago, IL 60632 does not authorize enforcement of the resulting judgment against a different Jessica Martinez, Plaintiff, who lived at 1921 S. 51st Avenue, Cicero, Illinois on the date of service. *Neri v. J.I. Case Co.,* 207 Ill.App.3d 409, 413, 566 N.E.2d 16, 19 (2d Dist. 1991).

43.      Plaintiff was damaged by the conduct complained of, in that:

      a.      Her funds were detained;

      b.      Defendants falsely informed Bank of America that Plaintiff was the judgment debtor Jessica Martinez, when she was not;

      c.      She had to pay counsel to remedy the detention of her funds;

      d.      She suffered anguish and distress as a result of the conduct complained of.

44. The actions of MCM and MFLLC in attempting to enforce a judgment against Plaintiff when she was not the judgment debtor were malicious and oppressive.

## COUNT I – FDCPA

45. Plaintiff incorporates paragraphs 1-44.

46. Defendants MFLLC and MCM violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10) and 1692f by:

      a.      Representing to the Court and Bank of America that Plaintiff was the party against whom MFLLC had a judgment;

      b.      Seizing Plaintiff's funds when she was not the judgment debtor;

      c.      Sending notice of the citation to an address other than that of Plaintiff;

      d.      Refusing to listen to Plaintiff when she called MCM to protest that it had seized funds other than those of the judgment debtor.

47. Section 1692e provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

      (A)      the character, amount, or legal status of any debt; . . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

48.     Section 1692f provides:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Midland Funding LLC and Midland Credit Management, Inc., for:

       i.      Compensatory damages;

      ii.     Statutory damages;

     iii.    Attorney's fees, litigation expenses and costs of suit;

     iv.    Such other or further relief as the Court deems proper.

### COUNT II  – WRONGFUL GARNISHMENT

49.     Plaintiff incorporates paragraphs 1-44.

50.     The conduct of MCM and MFLLC constitutes the tort of wrongful garnishment or wrongful attachment.  *Neri v. J.I. Case Co.,* 207 Ill.App.3d 409, 413, 566 N.E.2d 16, 19 (2d Dist. 1991).

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Midland Funding LLC and Midland Credit Management, Inc., for:

       i.      Compensatory damages;

      ii.     Punitive damages;

     iii.    Costs of suit;

     iv.    Such other or further relief as the Court deems proper

### COUNT III – ILLINOIS CONSUMER FRAUD ACT

51.     Plaintiff incorporates paragraphs 1-44.

52. Defendants MFLLC and MCM engaged in deceptive and unfair practices, in violation of 815 ILCS 505/2, by:

    a. Representing to the Court and Bank of America that Plaintiff was the party against whom MFLLC had a judgment;

    b. Seizing Plaintiff's funds when she was not the judgment debtor;

    c. Sending notice of the citation to an address other than that of Plaintiff;

    d. Refusing to listen to Plaintiff when she called MCM to protest that it had seized funds other than those of the judgment debtor.

53. Defendants engaged in the conduct complained of in the course of trade and commerce in financial services.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Midland Funding LLC and Midland Credit Management, Inc., for:

    i. Compensatory damages;

    ii. Punitive damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other or further relief as the Court deems proper.

### COUNT IV – FRAUD

54. Plaintiff incorporates paragraphs 1-44.

55. Defendants MFLLC and MCM committed fraud when they represented to the Court and Bank of America that Plaintiff was the party against whom MFLLC had a judgment.

56. Defendants MFLLC and MCM also committed fraud when they represented to the Court that notice of the citation had been sent to an appropriate address. As a result, Plaintiff was deprived of notice of the impending seizure of her account.

57. The Court and Bank of America relied on such representations by seizing Plaintiff's funds when she was not the judgment debtor.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Midland

Funding LLC and Midland Credit Management, Inc., for:

      i.      Compensatory damages;

      ii.     Punitive damages;

      iii.    Costs of suit;

      iv.    Such other or further relief as the Court deems proper.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Caileen M. Crecco
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com
Dedelman@edcombs.com
Jclark@edcombs.com
ccrecco@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.


/s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


*/s/ Daniel A. Edelman*
Daniel A. Edelman


T:\42747\Pleading\Complaint - federal_Pleading.WPD